[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT PENDENTE LITE (#135)
This is, by recollection, the third contested pendente lite hearing in the above captioned matter. The interested reader need only consult this court's previous two memoranda of decision, dated September 24, 1998 (#114) and April 30, 1999 (#133) for the CT Page 8952 history of this matter.
Before the court is plaintiff's motion for contempt pendente lite (#135). The court started a hearing thereon, on June 15, 1999. The defendant testified. He acknowledged certain arrearages, in particular, the home mortgage which is several months past due, but disputed others, claiming that he had made recent payments. By agreement, the hearing was continued to July 6, 1999. The purpose of the continuance was to allow the parties time to determine the payment status of certain obligations, and also to allow the defendant to attempt to recover certain criminal bail monies from which, it was anticipated, he could satisfy any arrearages in whole or in part.
The parties appeared and were heard further on July 6. They produced a written stipulation of unpaid bills. The one bill in dispute related to shut down services for the pool at the marital home, which this court does find to be included within the scope of defendant's obligations per prior court orders. Therefore, the court finds a total arrearage due from the defendant of $33,650.44, plus attorney's fees.
At the July 6 hearing, the court took additional evidence and heard argument as to whether the defendant should be found in contempt. The court finds by clear and convincing evidence that the defendant is, in fact, in contempt and that plaintiff's motion should be granted. Counsel for defendant conceded on June 15 that "circumstances have not changed" since the date of the most recent contempt and modification hearing. It was also conceded that the defendant hasn't "raised an issue of willfulness." Further, the court finds that the defendant continues to spend monies, albeit on the children, of a non-obligatory nature at a time when there are delinquencies on court-ordered obligations. Therefore, the defendant is found to be in contempt.
The court enters the following orders. Counsel for the defendant shall pay from the bail monies he is holding in trust, the sum of $16,500 to plaintiff, as soon as said monies have cleared. With the exception of prior court-ordered counsel fees, which shall be paid from said sum, the plaintiff may apply these monies to any of the arrearages as she sees fit in her discretion, and notify defendant of the same. This order is without prejudice to any determination of defendant's entitlement to the remaining bail monies. Further, said sum of $16,500 shall CT Page 8953 be in the nature of a credit against any future equitable distribution to which defendant may be entitled. Additionally, the parties are ordered to submit proposed orders within ten days concerning satisfaction of the balance of the arrearage. Counsel for the plaintiff may also submit an affidavit for fees for the making and prosecution of the instant contempt motion. The court retains jurisdiction to issue further orders of relief on the contempt, including those relating to the arrearage and fees. Finally, regardless of whether a status conference is currently scheduled, counsel for the parties shall make arrangements forthwith with the family caseflow coordinator for a status conference in this case on or prior to July 23, 1999.
So Ordered.
KAVANEWSKY, J.